Filed 10/16/24  Another Corporate ISP v. Creely CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ANOTHER CORPORATE ISP LLC,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH CREELY et al.,<br><br>      Defendants and Appellants. | A169280<br><br>(San Francisco County<br>Super. Ct. No. CCH23585730)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

The petition for rehearing filed by appellant Jay Edward Martin is denied.  It is ordered that the opinion filed herein on September 19, 2024, be modified as follows:

On pages 4 through 5, delete the paragraph beginning with the sentence "Second, in addition to failing to persuade us of the law, Martin also is wrong on the facts" (including footnote four) and the following paragraph on page 5 beginning with the sentence "Menendez's boss, Rudy Rucker, testified that when he arrived he saw four people on the vacant parcel destroying a planter box he'd built."

1

On page 5, change "Third" to "Second" so that the first sentence of the remaining paragraph reads, as modified, "Second, Martin has not demonstrated that the claimed error was prejudicial."

On page 5, change the footnote call number in the text from "5" to "4" and make a corresponding change to the number of the footnote.

There is no change in the judgment.


Dated:_____                    _____

                                                  STEWART, P. J.

Filed 9/19/24  Another Corporate ISP v. Creely CA1/2 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

<table>
<tr><td>ANOTHER CORPORATE ISP LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH CREELY et al.,<br><br>    Defendants and Appellants.</td><td>A169280<br><br>(San Francisco County<br>Super. Ct. No. CCH23585730)</td></tr>
</table>

**MEMORANDUM OPINION[1]**

On October 9, 2023, the trial court entered workplace violence protective orders against Jay Edward Martin and Elizabeth Creely under Code of Civil Procedure section 527.8[2] at the request of respondent Another Corporate ISP, LLC, DBA MonkeyBrains (MonkeyBrains), protecting two MonkeyBrains employees, Rudy Rucker and Alejandro Menendez.  In relevant part, section 527.8 authorizes the issuance of an injunction at the request of "[a]ny employer, whose employee has suffered unlawful violence or

---

[1]  We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

[2]  All further statutory references are to the Code of Civil Procedure.

1

a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out *at the workplace*, . . . on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace . . . ." (§ 527.8, subd. (a), italics added.)

Martin now appeals, raising a single issue.[3] He states, "The case law cited by Monkeybrains, as we read it, doesn't support workplace violence restraining orders in this case. Appellant [asks] this court to review the arguments made to the trial court." As we understand his position, as clarified by his reply brief, section 527.8 does not apply because the violence, threats and harassment that Marin, Creely and others directed at MonkeyBrains' employees were carried out by them on a vacant parcel *abutting* MonkeyBrains' property (i.e., a warehouse) and not within the actual perimeter of MonkeyBrains' property lines.

We reject this argument, for several reasons.

First, Martin has not persuaded us of any error. We presume that the trial court's ruling is correct, and it is an appellant's burden to persuade us both of an error and that the appellant was prejudiced as a result. (See *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 [calling such framework "[t]he most fundamental principle of appellate review"].) To do this, " 'an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*

---

[3] Although Martin's appellate briefing refers to "appellants," neither the record nor the register of actions indicates that Creely filed a notice of appeal from the restraining order entered against her. Accordingly, we lack jurisdiction to review that restraining order. Our review is limited to the restraining order entered against Martin.

*Corp.*)  "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)  When an appellant fails to "convince us, by developing his arguments, stating the law, and calling out relevant portions of the record, that the trial court committed reversible error," we may reject the appellant's argument on its face as insufficient to demonstrate error.  (See *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)

Here, Martin has not affirmatively shown any error.  He has not summarized all the relevant evidence.  He has also failed to demonstrate that section 527.8 does *not* apply to conduct occurring in the immediate vicinity of an employer's property, such as on an adjacent lot.  More specifically, he has not discussed or examined the relevant statutory language, much less explained why the statutory term "workplace" (§ 527.8, subd. (a)) must be interpreted narrowly, as defined by reference to actual legal property lines. Nor has he cited any legal authority supporting his position that trial courts lack the power to issue workplace restraining orders based on threats or violence occurring immediately *next to* an employer's property.

Moreover, there is authority indicating section 527.8 is not so limited. *North Coast Village Condominium Association v. Phillips* (2023) 94 Cal.App.5th 866 held that harassing conduct does not need to take place within the actual physical boundaries of an employer's property to justify the issuance of a workplace violence restraining order.  The court stated that drawing a line between whether offending conduct is literally carried out *on* an employer's property or merely in close proximity to it "represent[s] a distinction without a difference, given the statute's overall purpose of

3

allowing employers a means to protect their employees from harm." (*Id.* at pp. 889-890; see also *id.* at p. 889 [Legislature intended § 527.8 to apply to "violence or threats of violence occurring in *or near the physical workplace*"], italics added; *id.* at p. 888 ["while the conduct need not have occurred at the actual workplace, it must at least have occurred on the way to or from the workplace or during work hours"].) Martin's attempt to distinguish this authority is difficult to follow and unpersuasive.

Second, in addition to failing to persuade us of the law, Martin also is wrong on the facts. His implicit factual premise is that no MonkeyBrains employee was affected by the conduct while he or she was within the four corners of MonkeyBrains' property lines, but that assumption is not supported by the record. Although the parties cite no evidence that Martin or his friends ever physically trespassed onto MonkeyBrains' property, their conduct took place just a few feet away and was *directed at* people who were working on that property. For example, Menendez described being harassed while he was physically *inside* MonkeyBrains' warehouse and being physically trapped there by defendants until his boss arrived.[4]

---

[4] He testified: "And then . . . I opened the—our rear loading dock doors to see what was going on and that's when I saw Jay Martin there, and he was upset [about] . . . our project that we had in progress. He was starting to yell a little. And then while we were there chatting, other people began to show up, mainly Lara Hanna and Elizabeth Creely and eventually, Mauricio Zambrano. We proceeded to attempt to talk. I stayed inside our warehouse at the loading doors, and *they were flanking the loading doors, not really allowing me to leave via that direction.* And the conversation, it just didn't go anywhere. There were a couple moments where I thought we were kind of, but then very quickly, there would be other things said, like Lara Hanna called me the mafia and was taking pictures and filming me even though I told them not to, *and I felt kind of imprisoned at that point.* [¶] And then eventually, I saw them begin to bring tools—I guess some of them brought tools, and they started disassembling the wood form in front of me. And I

4

Menendez's boss, Rudy Rucker, testified that when he arrived he saw four people on the vacant parcel destroying a planter box he'd built. The people pulled out their phones and began filming him. Creely then physically attacked him, first shoving him and knocking a bag of chips out of his hand and then, after he pushed her phone away from his face, punching him. He testified that Martin shouted at him, "you fucking deserved it," and he feared for his safety from all four of them. Creely was yelling at him and threatening to "f" him up and had to be restrained from physically attacking him again. Rucker testified that during this encounter Martin threatened to bring kerosene and "burn it all down"—conduct that, if carried out, the trial court could reasonably infer could have jeopardized the MonkeyBrains' building and the safety of everyone inside. Martin's incomplete discussion of the evidence minimizes the significance of these threats, and the overall circumstances of the violence that occurred.

Third, Martin has not demonstrated that the claimed error was prejudicial. On the contrary, he implicitly conceded below that a civil harassment restraining order would have been appropriate under section 527.6 based on the circumstances, and indeed, the trial court granted such an order *against* Rucker in favor of *Creely*.[5] Thus, even if Martin had

---

just . . . watched them doing it, at which point, after the conversation and seeing their actions, . . . I didn't think I would be very effective stopping them at that point. So I closed the loading doors, and then I texted Rudy and let him know that there were people destroying stuff in the back and that—you know, I was alone and I didn't see any potential of resolving anything at that time." (Italics added.) Menendez felt "threatened," "cornered" and "helpless."

[5] Specifically, he argued that neither MonkeyBrains nor its employees would be harmed by rejecting MonkeyBrains' request for an injunction under section 527.8, because "some of the petitioner's claims and evidence could

5

demonstrated error in the issuance of a workplace violence injunction rather than a civil harassment injunction, the error appears to be completely harmless. Martin has not demonstrated that, but for the trial court's error, it is probable he would have achieved a more favorable outcome.

Finally, we do not consider the new arguments Martin makes for the first time in his reply brief—that the court erred in curtailing his cross-examination of witnesses or otherwise violated his due process rights. (See *United Grand Corp. v. Malibu Hillbillies, supra,* 36 Cal.App.5th at pp. 157-158.) " 'Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue.' " (*Id.* at p. 158.) For a similar reason, we also do not consider Martin's new argument, made for the first time at oral argument, that there is insufficient evidence of harassment to justify an injunction. (See *People v. Carrasco* (2014) 59 Cal.4th 924, 990 [" 'Obvious reasons of fairness militate against consideration of an issue raised initially' at oral argument"].)

## DISPOSITION

The restraining order is affirmed. Respondent shall recover its costs.

---

quickly return to court in requests for civil harassment restraining orders," and asked the court to "encourage" MonkeyBrains to file a request for civil harassment restraining orders which he called "a more appropriate remedy."

_____

STEWART, P. J.


We concur.


_____

MILLER, J.


_____

DESAUTELS, J.


*Another Corporate ISP LLC v. Creely* (A169280)